IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LARKIN COOPER, | ) |
| | ) |
|     Plaintiff | ) |
| | ) |
| v. | ) |
| | )    Case No. 1:23-cv-00929-MPB-KMB |
| COLLINS TRUCKING COMPANY INC., | ) |
| COLLINS INDUSTRIES, INC. and | ) |
| BOBBY MORRISON, | ) |
| | ) |
|     Defendants. | ) |

## DEFENDANTS COLLINS TRUCKING COMPANY, INC.'S, COLLINS INDUSTRIES, INC.'S AND BOBBY MORRISON'S ANSWER TO PLAINTIFF'S COMPLAINT

Come now the Defendants, Collins Trucking Company, Inc., Collins Industries, Inc. and Bobby Morrison, by counsel, and, for their Answer to Plaintiff's Complaint for Damages, state as follows:

1. That said Defendants are without sufficient knowledge to the allegations contained in paragraph 1 of Plaintiff's Complaint for Damages.

2. That said Defendants admit the allegations contained in paragraph 2 of the Plaintiff's Complaint.

3. That said Defendants admit the allegations contained in paragraph 3 of the Plaintiff's Complaint.

4. That said Defendants admit the allegations contained in paragraph 4 of the Plaintiff's Complaint.

5. That said Defendants admit the allegations contained in paragraph 5 of the Plaintiff's Complaint.

6. That said Defendants are without sufficient knowledge to the allegations contained in paragraph 6 of Plaintiff's Complaint for Damages but this matter has recently been removed to Federal Court for the Southern District of Indiana.

7. That said Defendants are without sufficient knowledge to the allegations contained in paragraph 7 of Plaintiff's Complaint for Damages but this matter has recently been removed to Federal Court for the Southern District of Indiana.

## BACKGROUND FACTS

8. That said Defendants admit the allegations contained in paragraph 8 of the Plaintiff's Complaint.

9. That said Defendants are without sufficient knowledge to the allegations contained in paragraph 9 of Plaintiff's Complaint for Damages.

10. That said Defendants admit that Morrison was operating a vehicle owned by Collins and with the consent of Collins but is without sufficient knowledge to the allegations contained in paragraph 10 of the Plaintiff's Complaint for Damages.

11. That said Defendants deny the allegations contained in paragraph 11 of the Plaintiff's Complaint for Damages.

12. That said Defendants are without sufficient knowledge to the allegations contained in paragraph 12 of Plaintiff's Complaint for Damages.

## COUNT I – NEGLIGENCE (MORRISON)

13. Said Defendant incorporates by reference and realleges as though fully set herein its answers to paragraphs 1 through 12 of Plaintiff's Complaint for Damages.

14. That said Defendants deny the allegations contained in paragraph 14 including paragraphs a-f of the Plaintiff's Complaint for Damages.

2

15.     That said Defendants deny the allegations contained in paragraph 15 of the Plaintiff's Complaint for Damages.

16.     That said Defendants are without sufficient knowledge to the allegations contained in paragraph 16 of Plaintiff's Complaint for Damages.

17.     That said Defendants are without sufficient knowledge to the allegations contained in paragraph 17 of Plaintiff's Complaint for Damages.

## COUNT 2 – RESPONDEAT SUPERIOR (COLLINS DEFENDANTS)

18.     Said Defendant incorporates by reference and realleges as though fully set herein its answers to paragraphs 1 through 17 of Plaintiff's Complaint for Damages.

19.     That said Defendants admit that Morrison was acting as an employee of Collins at the time of the alleged incident but deny the remainder of paragraph 19 of Plaintiff's Complaint for Damages.

20.     That said Defendants admit that Morrison was acting as an employee of Collins at the time of the alleged incident but deny the remainder of paragraph 20 of Plaintiff's Complaint for Damages.

21.     That said Defendants admit to all duties imposed by law but deny those duties are accurately set forth herein in paragraph 21 of Plaintiff's Complaint for Damages.

## COUNT 3 – NEGLIGENT ENTRUSTMENT (COLLINS DEFENDANTS)

22.     Said Defendant incorporates by reference and realleges as though fully set herein its answers to paragraphs 1 through 21 of Plaintiff's Complaint for Damages.

23.     That said Defendants deny the allegations contained in paragraph 23 of the Plaintiff's Complaint for Damages.

3

24.     That Defendants admit all duties and rights imposed by law but deny those duties and rights are accurately set forth herein in paragraph 24 of Plaintiff's Complaint for Damages.

25.     That said Defendants deny the allegations contained in paragraph 25 of the Plaintiff's Complaint for Damages.

26.     That said Defendants deny the allegations contained in paragraph 26 of the Plaintiff's Complaint for Damages.

27.     That said Defendants are without sufficient knowledge to the allegations contained in paragraph 27 of Plaintiff's Complaint for Damages.

28.     That said Defendants are without sufficient knowledge to the allegations contained in paragraph 28 of Plaintiff's Complaint for Damages.

**<u>AFFIRMATIVE DEFENSES</u>**

Defendants, by counsel, hereby submit the following Affirmative Defenses to Plaintiff's Complaint for Damages:

1.     The contributory fault of Plaintiff, including, but not limited to, negligence, incurred risk, assumed risk, and failure to mitigate damages, may have been greater than fifty percent (50%) of the total fault involved in the motor vehicle accident giving rise to the instant litigation.

2.     The fault of Plaintiff, including, but not limited to, negligence, incurred risk, assumed risk, and failure to mitigate damages, may have proximately caused and/or contributed to Plaintiff's own alleged damages, and by reason thereof, the compensatory damages alleged by Plaintiff must be reduced by the proportion that her contributory fault bears to the total fault involved in the motor vehicle accident giving rise to the instant litigation.

4

3.      Any recovery by Plaintiff should be barred or reduced in accordance with the collateral source statute that may allow Defendants a setoff, as well as the legal and equitable principals of payment, accord and satisfaction, and rules prohibiting windfalls and double recoveries.

4.      Plaintiff may have failed to mitigate her own alleged damages, if, in fact, any such damages exist.

5.      Plaintiff's alleged damages may have been caused, in whole or in part, by one or more non-parties who may be identified throughout the course of discovery in the present action.

6.      Defendants expressly reserve the right to supplement the foregoing Affirmative Defenses to Plaintiff's Complaint for Damages as discovery proceeds in this case.

WHEREFORE, Defendants, by counsel, prays that Plaintiff takes nothing by way of her Complaint for Damages, and for all other just and property relief in the premises.

Respectfully submitted,

KIGHTLINGER & GRAY, LLP

By:    */s/ Michael Wroblewski*
       Michael Wroblewski, Atty. No. 25884-64
       *Attorneys for Defendants*

5

## REQUEST FOR TRIAL BY JURY

Defendants, by counsel, request a trial by jury of the above cause of action.

Respectfully submitted,

KIGHTLINGER & GRAY, LLP


By:     */s/ Michael Wroblewski*
        Michael Wroblewski, Atty. No. 25884-64
        *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

This is to certify that the undersigned filed and served the foregoing electronically through the Court's CM/ECF system, on the following on this 2nd day of June, 2023:

Rachelle N. Ponist
Morgan B. Brading
HARSHMAN PONIST
3650 N. Washington Boulevard
Indianapolis, IN 46205
rponist@hpindiana.law
mbrading@hpindiana.law
*Attorneys for Plaintiff*


*/s/ Michael Wroblewski*
Michael Wroblewski


KIGHTLINGER & GRAY, LLP
One Indiana Square, Suite 300
211 North Pennsylvania Street
Indianapolis, IN 46204
(317) 638-4521
mwroblewski@k-glaw.com

230316\62960377-1

6