UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

LARKIN COOPER,                          )
                                        )
             Plaintiff,                 )
                                        )
    v.                                  )
                                        )      No. 1:23-cv-00929-MPB-KMB
                                        )
COLLINS TRUCKING COMPANY INC., et al.,  )
                                        )
             Defendants.                )

**CASE MANAGEMENT PLAN**

**I.      Parties and Representatives**

    A.     Plaintiff: Larkin Cooper
          Defendants: Bobby Morrison
          Collins Industries, Inc.
          Collins Trucking Company, Inc.

    B.     Counsel for Plaintiff: Rachelle N. Ponist # 31462-32
                         Rponist@hpindiana.law

                         Morgan B. Brading #36180-29
                         Mbrading@hpindiana.law
                         **HARSHMAN | PONIST**
                         Fax: 317-927-8074
                         Phone: 317-964-6000
                         3650 N Washington Blvd
                         Indianapolis, IN 46205

          Counsel for Defendants: Michael Wroblewski #25884-64
                         Mwroblewski@k-glaw.com
                         **KIGHTLINGER & GRAY, LLP**
                         Fax: 317-636-5917
                         Phone: 317-638-4521
                         One Indiana Square, Suite 300
                         211 N. Pennsylvania St
                         Indianapolis, IN 46204

Counsel shall promptly file a notice with the Clerk if there is any change in this information.

## II.    Jurisdiction and Statement of Claims

A.    This court has subject matter jurisdiction over this matter through diversity jurisdiction pursuant to 28 U.S. Code § 1332(a). Plaintiff is a citizen of Indiana, Defendants are citizens of Georgia, and the amount in controversy exceeds the sum of $75,000.00.

B.    As a direct and proximate result of Defendant Morrison's failure to exercise reasonable care in the operation of a motor vehicle on a roadway and his careless and negligent operation of the motor vehicle, in violation of Ind. Code § 9-21-8-25 and Ind. Code § 9-21-8-11.5, Plaintiff Cooper has suffered injury and damages.  Defendants Collins Industries, Inc. and Collins Trucking Company, Inc. are reasonable for all acts committed by Morrison within the scope of his employment under the principal of respondeat superior. Cooper suffered injury and damages as a direct and proximate result of Defendants Collins Industries, Inc. and Collins Trucking Company, Inc. negligently entrusted Morrison to operate their motor vehicle when they knew or had reason to know that Morrison was likely to operate the vehicle in a negligent and reckless manner.

C.    Defendants contend that the accident may have been caused, in part, due to the negligence of Plaintiff. Further, Defendants dispute the nature and extent of the Plaintiff's claimed injuries and the relatedness of these claimed injuries to the accident in question.  Moreover, since Defendants have admitted that Defendant Morrison was acting in his capacity as an employee of Defendant Collins Trucking Company at the time of the accident, Plaintiff's theory and cause of action for negligent entrustment is null.

## III.    Pretrial Pleadings and Disclosures

A.    The parties shall serve their Fed. R. Civ. P. 26 initial disclosures on or before **September 1, 2023**.

B.    Plaintiff(s) shall file preliminary witness and exhibit lists on or before **September 8, 2023**.

C.    Defendant(s) shall file preliminary witness and exhibit lists on or before **September 15, 2023**.

D.    All motions for leave to amend the pleadings and/or to join additional parties shall be filed on or before **February 26, 2024**.

E.    Plaintiff(s) shall serve Defendant(s) (but not file with the Court) a statement of special damages, if any, and make a settlement proposal, on or before **February 26, 2024**.  Defendant(s) shall serve on the Plaintiff(s) (but not file with the Court) a response thereto within 30 days after receipt of the proposal.

Sec. III. E. The Parties shall submit (not file) courtesy copies of their respective demand and response at the time of service via email to JudgeBarrChambers@insd.uscourts.gov. There is no need to follow the email with a hard copy.

2

F.   Except where governed by paragraph (G) below, expert witness disclosure deadlines shall conform to the following schedule: Plaintiff(s) shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before **September 26, 2024**.  Defendant(s) shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before **October 28, 2024**; or if Plaintiff has disclosed no experts, Defendant(s) shall make its expert disclosure on or before **October 28, 2024.**

G.   Notwithstanding the provisions of paragraph (F), above, if a party intends to use expert testimony in connection with a motion for summary judgment to be filed by that party, such expert disclosures must be served on opposing counsel no later than 90 days prior to the dispositive motion deadline.  If such expert disclosures are served the parties shall confer within 7 days to stipulate to a date for responsive disclosures (if any) and completion of expert discovery necessary for efficient resolution of the anticipated motion for summary judgment.  The parties shall make good faith efforts to avoid requesting enlargements of the dispositive motions deadline and related briefing deadlines.  Any proposed modifications of the CMP deadlines or briefing schedule must be approved by the Court.

H.   Any party who wishes to limit or preclude expert testimony at trial shall file any such objections on or before **120 days** prior to the proposed trial month.  Any party who wishes to preclude expert witness testimony at the summary judgment stage shall file any such objections with their responsive brief within the briefing schedule established by S.D. Ind. L.R. 56-1.

I.   All parties shall file and serve their final witness and exhibit lists on or before  **November 26, 2024**  .  This list should reflect the specific potential witnesses the party may call at trial.  It is not sufficient for a party to simply incorporate by reference "any witness listed in discovery" or such general statements.  The list of final witnesses shall include a brief synopsis of the expected testimony.

J.   Any party who believes that bifurcation of discovery and/or trial is appropriate with respect to any issue or claim shall notify the Court as soon as practicable.

K.    Discovery of electronically stored information ("ESI").

The parties anticipate the following information to be sought in discovery in this matter: employment records, medical records, driver electronic logs, expert testimony, etc.  The parties do not anticipate a large volume of ESI to produced in this case. Should ESI need to be produced, the parties agree that it shall be produced in portable document format ("PDF") or delivered on a compact disk or a flash drive in a format that can be read by Microsoft Windows.

3

In the event that a document protected by the attorney-client privilege, the attorney work product doctrine or other applicable privilege or protection is unintentionally produced by any party to this proceeding, the producing party may request that the document be returned.  In the event that such a request is made, all parties to the litigation and their counsel shall promptly return all copies of the document in their possession, custody, or control to the producing party and shall not retain or make any copies of the document or any documents derived from such document.  The producing party shall promptly identify the returned document on a privilege log.  The unintentional disclosure of a privileged or otherwise protected document shall not constitute a waiver of the privilege or protection with respect to that document or any other documents involving the same or similar subject matter.

## IV.    Discovery[1] and Dispositive Motions

Due to the time and expense involved in conducting expert witness depositions and other discovery, as well as preparing and resolving dispositive motions, the Court requires counsel to use the CMP as an opportunity to seriously explore whether this case is appropriate for such motions (specifically including motions for summary judgment), whether expert witnesses will be needed, and how long discovery should continue.  To this end, counsel must select the track set forth below that they believe best suits this case.  If the parties are unable to agree on a track, the parties must: (1) state this fact in the CMP where indicated below; (2) indicate which track each counsel believes is most appropriate; and (3) provide a brief statement supporting the reasons for the track each counsel believes is most appropriate.  If the parties are unable to agree on a track, the Court will pick the track it finds most appropriate, based upon the contents of the CMP or, if necessary, after receiving additional input at an initial pretrial conference.

A.    The parties anticipate that this case may be appropriate for summary judgment or other dispositive motions, particularly with regard to liability.

B.    On or before **October 3, 2024**, and consistent with the certification provisions of Fed. R. Civ. P. 11(b), the party with the burden of proof shall file a statement of the claims or defenses it intends to prove at trial, stating specifically the legal theories upon which the claims or defenses are based.

C.    Select the track that best suits this case:

---

[1]   The term "completed," as used in Section IV.C, means that counsel must serve their discovery requests in sufficient time to receive responses before this deadline.  Counsel may not serve discovery requests within the 30-day period before this deadline unless they seek leave of Court to serve a belated request and show good cause for the same.  In such event, the proposed belated discovery request shall be filed with the motion, and the opposing party will receive it with service of the motion but need not respond to the same until such time as the Court grants the motion.

4

_____ Track 1: No dispositive motions are anticipated.  All discovery shall be completed by **September 26, 2024**.  [Note: Given that no dispositive motions are anticipated, the parties should consider accelerating discovery and other pretrial deadlines to the extent practicable and suggest a substantially earlier trial date (Section VI). The Court encourages a track faster than the standard track in all cases in which dispositive motions are not anticipated].

_____ Track 2: Dispositive motions are expected and shall be filed by **April 26, 2024 (11 months) – May 27, 2024 (12 months**; non-expert witness discovery and discovery relating to liability issues shall be completed by **March 26, 2024**; expert witness discovery and discovery relating to damages shall be completed by **August 26, 2024**. All remaining discovery shall be completed by **September 26, 2024** [Note: The Court expects this will be the typical track when dispositive motions are anticipated.]

\_\_\_X\_\_\_ Track 3: Dispositive motions shall be filed by **October 28, 2024**; non-expert discovery shall be completed by **September 26, 2024**; expert witness discovery shall be completed by **November 26, 2024**.   [Note: The Court provides Track 3 as an open option because it recognizes that there may be unusual cases for which special circumstances necessitate additional flexibility.  However, the Court has found that Tracks 1 and 2 are appropriate in the large majority of cases, and therefore the parties must briefly state below the special circumstances justifying a departure from Tracks 1 and 2.]

**Plaintiff is still undergoing treatment and anticipates that discoverable information may not yet be available under the first two discovery tracks. Additionally, multiple expert witnesses are expected to be utilized and will require time to review that information.**

Absent leave of Court, and for good cause shown, all issues raised on summary judgment under Fed. R. Civ. P. 56 must be raised by a party in a single motion.

## V.  Pre-Trial/Settlement Conferences

At any time, any party may call the Judge's Staff to request a conference, or the Court may *sua sponte* schedule a conference at any time.  The presumptive time for a settlement conference is no later than 30 days before the close of non-expert discovery.  **The parties are encouraged to request an earlier date if they believe the assistance of the Magistrate Judge would be helpful in achieving settlement.  The parties recommend a settlement conference in August 2024.**

## VI.  Trial Date

The parties request a trial date in **February 2025**.  The trial is by **jury** and is anticipated to take **3 days**.  Counsel should indicate here the reasons that a shorter or longer track is

appropriate.  While all dates herein must be initially scheduled to match the presumptive trial date, if the Court agrees that a different track is appropriate, the case management order approving the CMP plan will indicate the number of months by which all or certain deadlines will be extended to match the track approved by the Court.

**VII.**    **Referral to Magistrate Judge**

A.    **Case**.  At this time, all parties <u>do not</u> consent to refer this matter to the currently assigned Magistrate Judge pursuant to 28 U.S.C. 636(c) and Fed. R. Civ. P. 73 for all further proceedings including trial.

B.    **Motions**.  The parties may also consent to having the assigned Magistrate Judge rule on motions ordinarily handled by the District Judge, such as motions to dismiss, for summary judgment, or for remand.  If all parties consent, they should file a joint stipulation to that effect. Partial consents are subject to the approval of the presiding district judge.

**VIII.**    **Required Pre-Trial Preparation**

A.    **TWO WEEKS BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

1.    File a list of trial witnesses, by name, who are actually expected to be called to testify at trial.  This list may not include any witnesses not on a party's final witness list filed pursuant to Section III.I.

2.    Number in sequential order all exhibits, including graphs, charts and the like, that will be used during the trial.  Provide the Court with a list of these exhibits, including a description of each exhibit and the identifying designation.  Make the original exhibits available for inspection by opposing counsel.  Stipulations as to the authenticity and admissibility of exhibits are encouraged to the greatest extent possible.

3.    Submit all stipulations of facts in writing to the Court.  Stipulations are always encouraged so that at trial, counsel can concentrate on relevant contested facts.

4.    A party who intends to offer any depositions into evidence during the party's case in chief shall prepare and file with the Court and copy to all opposing parties either:

a.    brief written summaries of the relevant facts in the depositions that will be offered.  (Because such a summary will be used in lieu of the actual deposition testimony to eliminate time reading depositions in a question and answer format, this is strongly encouraged.); or

     b.     if a summary is inappropriate, a document which lists the portions of the deposition(s), including the specific page and line numbers, that will be read, or, in the event of a video-taped deposition, the portions of the deposition that will be played, designated specifically by counter-numbers.

5.     Provide all other parties and the Court with any trial briefs and motions in limine, along with all proposed jury instructions, voir dire questions, and areas of inquiry for voir dire (or, if the trial is to the Court, with proposed findings of fact and conclusions of law).

6.     Notify the Court and opposing counsel of the anticipated use of any evidence presentation equipment.

B.     **ONE WEEK BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

1.     Notify opposing counsel in writing of any objections to the proposed exhibits. If the parties desire a ruling on the objection prior to trial, a motion should be filed noting the objection and a description and designation of the exhibit, the basis of the objection, and the legal authorities supporting the objection.

2.     If a party has an objection to the deposition summary or to a designated portion of a deposition that will be offered at trial, or if a party intends to offer additional portions at trial in response to the opponent's designation, and the parties desire a ruling on the objection prior to trial, the party shall submit the objections and counter summaries or designations to the Court in writing. Any objections shall be made in the same manner as for proposed exhibits. However, in the case of objections to video-taped depositions, the objections shall be brought to the Court's immediate attention to allow adequate time for editing of the deposition prior to trial.

3.     File objections to any motions in limine, proposed instructions, and voir dire questions submitted by the opposing parties.

4.     Notify the Court and opposing counsel of requests for separation of witnesses at trial.

## IX.   <u>Other Matters</u>

Plaintiff Cooper notes for the court that she is still being treated for the injuries she sustained and will continue to have medical appointments for the foreseeable future. Further, one or both of Counsel for Plaintiff Morgan B. Brading and Plaintiff Cooper will be on maternity leave between September and December of 2023 and will be unavailable until January 2024.

ALL OF WHICH IS AGREED TO:

APPROVED AS TO FORM:

*/s/ Rachelle N. Ponist*
Rachelle N. Ponist, #31464-32
*Attorney for Plaintiff*

*/s/ Michael Wroblewski*
Michael Wroblewski, #25884-64
*Attorney for Defendants*

*/s/ Morgan B. Brading*
Morgan B. Brading, #36180-29
*Attorney for Plaintiff*

_____x_____    PARTIES APPEARED BY COUNSEL ON **July 7, 2023**, FOR AN INITIAL PRETRIAL CONFERENCE.

_____    APPROVED AS SUBMITTED.

_____x_____    APPROVED AS AMENDED.

_____    APPROVED AS AMENDED PER SEPARATE ORDER.

_____    APPROVED, BUT ALL OF THE FOREGOING DEADLINES ARE SHORTENED/LENGTHENED BY _____ MONTHS.

_____    APPROVED, BUT THE DEADLINES SET IN SECTION(S) _____ OF THE PLAN IS/ARE SHORTENED/LENGTHENED BY _____ MONTHS.

_____    THIS MATTER IS SET FOR TRIAL BY _____ ON _____ . FINAL PRETRIAL CONFERENCE IS SCHEDULED FOR _____AT _____ .M., ROOM _____ .

_____    A SETTLEMENT/STATUS CONFERENCE IS SET IN THIS CASE FOR _____ AT _____ .M. COUNSEL SHALL APPEAR:

_____ IN PERSON IN ROOM_____ ; OR

_____BY TELEPHONE, WITH COUNSEL FOR INITIATING THE CALL TO ALL OTHER PARTIES AND ADDING THE COURT JUDGE AT ( ____ ) _____ ; OR

_____BY TELEPHONE, WITH COUNSEL CALLING THE JUDGE'S STAFF AT ( ____ ) _____ .

_____x_____    DISPOSITIVE MOTIONS SHALL BE FILED BY **October 28, 2024.**

_____x_____    NON-EXPERT WITNESS DISCOVERY SHALL BE COMPLETED BY **September 26, 2024.**

Upon approval, this Plan constitutes an Order of the Court.  Failure to comply with an Order of the Court may result in sanctions for contempt, or as provided under Fed. R. Civ. P. 16-1(f), to and including dismissal or default.

**APPROVED AND SO ORDERED.**

Date: 7/10/2023

Kellie M. Barr

Kellie M. Barr
United States Magistrate Judge
Southern District of Indiana