UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

LARKIN COOPER,                                )
                                              )
          Plaintiff,                          )
                                              )
     v.                                       )
                                              )     No. 1:23-cv-00929-MPB-KMB
                                              )
COLLINS TRUCKING COMPANY INC., et al.,        )
                                              )
          Defendants.                         )

## PLAINTIFF'S STATEMENT OF CLAIMS TO BE PROVEN AT TRIAL

Plaintiff, Larkin Cooper, by counsel, Rachelle N. Ponist and Morgan B. Brading of Harshman Ponist Smith & Rayl, LLC, pursuant to the Case Management Plan respectfully submits this Statement of Claims to be Proven at Trial.

1.     Plaintiff asserted her claims in her Complaint, filed in Marion County Superior Court, on April 16, 2024, under common law theory of negligence, vicarious liability via the doctrine of respondeat superior, and negligent entrustment. On May 26, 2023, the Defendants removed the matter to this Court.

2.     For her claim against Defendant, Bobby Morrison ("Morrison"), under the theory of negligence, Plaintiff intends to prove the following: Morrison owed Plaintiff a duty of care to operate the vehicle in a manner that ensured safety of others on the roadway. Morrison breached that duty of care by: carelessly and negligently failing to keep a proper lookout to the right of his vehicle so as to observe the automobile driven by Cooper; carelessly and negligently failing to keep the vehicle he was operating under proper control so as to avoid striking Cooper's vehicle; carelessly and negligently failing to exercise reasonable care under the circumstances to change, alter, or divert the course of the vehicle he was operating so as to avoid a collision with the

automobile being driven by Cooper; carelessly and negligently failing to apply the brakes of the vehicle he was operating in order to avoid a collision with Cooper's vehicle; carelessly and negligently failing to sound any signal or warning of his approach in violation of Ind. Code § 9-21-8-25; and carelessly and negligently violating I.C. § 9-21-811.5 by not driving as nearly as practicable between the lines marking his lane and by moving from one lane to another without first ascertaining the movement could be made with safety. Plaintiff sustained physical injuries, pain, and mental and emotional suffering as a direct and proximate result of Morrison's careless and negligent operation of the vehicle. Plaintiff has incurred medical expenses for necessary medical treatment for the injuries she sustained as a direct and proximate result of Morrison's careless and negligent operation of the vehicle. As a direct and proximate result of the Morrison's careless and negligent operation of the vehicle, Plaintiff was unable to work and incurred lost wages.

3.      For her claim against Collins Trucking Company Inc. and Collins Industries, Inc. (collectively, the "Collins Defendants") for vicarious liability under the doctrine of respondeat superior, Plaintiff intends to prove the following: Morrison was employed by the Collins Defendants at the time of the incident. Morrison was acting within the scope of his employment with the Collins Defendants at the time of the incident. The Collins Defendants are liable for Morrison's careless and negligent acts committed within the scope of his employment.

4.      For her claim against the Collins Defendants for negligent entrustment, Plaintiff intends to prove the following: the Collins Defendants owned the vehicle operated by Morrison at the time of the incident. Morrison was incapable of using due care for other individuals on the roadway. The Collins Defendants knew or should have known that Morrison was incapable of using due care for other individuals on the roadway. The Collins Defendants knew or should

have known that Morrison was likely to operate the vehicle in a negligent and reckless manner. The Collins Defendants had the ability to permit and prohibit Morrison from operating their vehicle. The Collins Defendants permitted Morrison to operate the vehicle at the time of the incident. Plaintiff's physical injuries, pain, and mental and emotional suffering were directly and proximately caused by the Collins Defendants' negligent acts in permitting Morrison to operate the vehicle. Plaintiff has incurred medical expenses for necessary medical treatment for the injuries she sustained as a direct and proximate result of the Collins Defendants' negligent acts in permitting Morrison to operate the vehicle. As a direct and proximate result of the Collins Defendants' negligent acts in permitting Morrison to operate the vehicle, Plaintiff was unable to work and incurred lost wages.

5.      Plaintiff intends to prove that she suffered damages as the direct result of the Defendants' unlawful actions in this matter. Those damages include, but are not limited to, bodily injuries, medical expenses, lost wages, and lost future earning capacity.

6.      Plaintiff further intends to prove that she is entitled to recover all available forms of relief, including, but not limited to costs of this action, pre-judgment interest, and post-judgment interest.

Respectfully submitted,

*/s/ Rachelle N. Ponist*
Rachelle N. Ponist, #31462-32
rponist@hpindiana.law
Morgan B. Brading, # 36180-29
mbrading@hpindiana.law
HARSHMAN | PONIST SMITH & RAYL, LLC
3650 N. Washington Blvd.
Indianapolis, IN  46205
Phone  317-964-6000
Fax    317-927-8074
**Attorneys for Plaintiff**

## CERTIFICATE OF SERVICE

I hereby certify that, on October 3, 2024, the foregoing document was submitted for filing and served upon all counsel of record via the Indiana E-Filing System.

*/s/ Rachelle N. Ponist*
Rachelle N. Ponist